IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TRAVIS DWAYNE REMBERT**, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:21-00078-KD-N |
| | ) |
| **PROGRESSIVE DIRECT** | ) |
| **INSURANCE COMPANY,** | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

This civil action is before the Court *sua sponte* on review of its subject matter jurisdiction.[1] This case was removed from the Circuit Court of Marengo County, Alabama, to this Court by the Defendant, Progressive Direct Insurance Company, under 28 U.S.C. § 1441(a), with the Notice of Removal (Doc. 1) alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for subject matter jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410.  "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

"[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." *Univ. of S. Ala.*, 168 F.3d at 410. "[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…").

Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000." *City of Vestavia Hills*, 676 F.3d at 1313 (citing 28 U.S.C. § 1332). Progressive has adequately alleged that there is complete diversity between the parties. [2] However, Progressive has not plausibly demonstrated § 1332(a)'s requisite minimum amount in controversy.

When, as here, "the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). " '[R]emoval ... is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the

---

[2] The Plaintiff, a natural person, is alleged to be a citizen of Alabama, *see Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."), while Progressive, a corporation, is alleged to have been organized under the laws of, and to have its principal place of business in, Ohio, thus making it a citizen of Mississippi, *see* 28 U.S.C. § 1332(c)(1). (Doc. 1 ¶¶ 3-4, PageID.2).

preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B)).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010). "What counts is the amount in controversy at the time of removal. It is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citation and quotation omitted). However, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly[,]" and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. [*Pretka,* 608 F.3d at] 771. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").
>
> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations"

> from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.,* 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams,* 269 F.3d at 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).[3]

Here, it is not apparent from the face of the Plaintiff's complaint (Doc. 1-1, PageID.5-6) that the amount in controversy is satisfied. The complaint alleges a claim/claims arising out of Progressive's failure to pay the Plaintiff underinsured motorist benefits for a 2015 car accident in which the Plaintiff was rear-ended by another driver. The complaint alleges that the other driver acted negligently and/or wantonly, and that the Plaintiff suffered such damages as past and future medical expenses, pain and suffering, mental anguish, lost wages, and loss of earning capacity; permanent injuries and/or disabilities; and loss of the enjoyment of life. The Plaintiff demands an unspecified amount of compensatory and punitive damages against Progressive. The Eleventh Circuit Court of Appeals has held that similar

---

[3] Under *Dart Cherokee*, courts can "no longer rely on any presumption in favor of remand in deciding … jurisdictional questions" under the Class Action Fairness Act, which is not at issue in this case. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014). Other than that, the Eleventh Circuit has recognized that *Dart Cherokee*, "which did not involve a plaintiff's contest to the defendant's jurisdictional allegations—did not disrupt any of th[e foregoing] pre-existing [removal] case law." *Id.* at 913.

allegations do not make amount in controversy "facially apparent" from the complaint.[4]

The only additional evidence that Progressive included with its Notice of Removal to support amount in controversy are two short settlement demand letters from the Plaintiff's counsel to Progressive. (Doc. 1-2, PageID.7-8). The earlier of the two letters rejects a settlement offer by Progressive of $15,000 and demands $90,000 to settle; the later letter rejects a counteroffer of $19,500 and lowers the Plaintiff's settlement demand to $80,000. A "settlement offer, by itself, may not be determinative," though "it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). "What it counts for, however, depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable

---

[4] *Williams*, 269 F.3d at 1318 (holding it was "not facially apparent" from complaint seeking "general damages, special damages, and punitive damages in unspecified amounts" for injuries sustained in a trip-and-fall "that the amount in controversy exceeds $75,000"); *Rae v. Perry*, 392 F. App'x 753, 756 (11th Cir. 2010) (per curiam) (unpublished) ("Viewed objectively, the complaint and supporting documentation filed with the notice of removal indicate that Rae sought $20,000 in compensatory damages on all counts together. Perry failed to present evidence that showed by a preponderance of the evidence that the compensatory and unspecified damages in the complaint, including *punitive damages* and attorneys' fees, alone or combined, met the jurisdictional amount. Perry's calculations were based on his own speculation, and therefore, were not objectively reasonable." (emphasis added)) *See also Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247–48 (10th Cir. 2012) ("As a general matter, punitive damages may be considered in determining the requisite jurisdictional amount. But this does not mean that a defendant's mere use of the words punitive damages automatically justifies the removal of a case on the theory that punitive damages in some unspecified amount may be possible." (citation and quotations omitted)).

assessment of the value of his claim and are entitled to more weight." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (Steele, J.) (quotations and footnote omitted). "The settlement proposal[s] advanced here fall[] in the former category; [they] offer[] to settle for $[90,0]00[, and then $80,000,] without providing a single word of explanation how this figure was derived[,]" *Dees v. Coleman Am. Moving Servs., Inc.*, Civil Action No. 17-0292-WS-N, 2017 WL 4838845, at *3 (S.D. Ala. Oct. 26, 2017) (Steele, J.) other than the conclusory statement that the Plaintiff "has authorized [counsel] to extend" the settlement offers. (Doc. 1-2, PageID.7-8). They are "therefore entitled to little weight in the jurisdictional analysis." *Dees*, 2017 WL 4838845, at *3 (quotation marks omitted) (relying on *Jackson*, 651 F. Supp. 2d at 1281). *Cf. Benandi v. Mediacom Se., LLC*, Civil Action No. 11-00498-CG-N, 2011 WL 5077403, at *3 (S.D. Ala. Sept. 30, 2011) (Nelson, M.J.), *report and recommendation adopted*, 2011 WL 5077108 (S.D. Ala. Oct. 24, 2011) (Granade, J.) (Applying *Jackson*'s reasoning "to this case, Benandi's letter contains far more than a lump sum demand for payment of $92,000.00. The letter describes in some detail not only Benandi's injuries but the costs thus far incurred and anticipated, which Benandi's counsel specifically describes as 'a conservative estimate.' ").

While "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[, e]vidence establishing the amount is required … when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89. The complaint's allegations and the Plaintiff's pre-removal settlement demands, without more, do not convince the undersigned that § 1332(a)'s requisite minimum amount in controversy

is more likely than not satisfied. Therefore, the undersigned, after explaining the foregoing, permitted Progressive an opportunity "to supplement its notice of removal with any additional briefing and/or evidence it may wish to submit to demonstrate that § 1332(a)'s requisite minimum amount in controversy is satisfied." (Doc. 7).[5] Progressive has timely supplemented its notice of removal (Doc. 8), and this matter is now under submission for determination of whether this case should be remanded *sua sponte* for lack of subject-matter jurisdiction.[6]

In its supplement, Progressive argues that the settlement demands of the Plaintiff's counsel should be accepted as determinative of amount in controversy under the reasoning of *Burns*. However, *Burns* concerned a demand in a state court complaint specifying damages in an amount less than the jurisdictional minimum. In that case, the Eleventh Circuit noted that "[e]very lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal." *Burns*, 31 F.3d at 1095. The panel further noted that, in Alabama, "[t]he duty of candor goes beyond the moral duty imposed on counsel by ethical codes or good conscience. Under Alabama Rule of Civil Procedure 11, counsel must sign each pleading, motion or other document he submits to the court. His signature is a 'certificate by him that he has read the [submission]; [and] that to the best of his knowledge, information and belief, there is good ground to support it ...'." *Id.* n.5. Therefore, the panel reasoned:

---

[5] Progressive's supplement does not suggest any additional basis for subject-matter jurisdiction other than § 1332(a), nor is any apparent from the record.

[6] Though given the opportunity to do so (see Doc. 7, PageID.28), the Plaintiff filed no response to Progressive's supplement.

> [A] plaintiff's claim, when it is specific *and in a pleading signed by a lawyer*, deserves deference and a presumption of truth. We will not assume—unless given reason to do so—that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case. Instead, we will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception. We will further presume that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer.

*Id.* at 1095 (emphasis added).

Here, the Plaintiff's settlement demand letters are not pleadings submitted by the Plaintiff's counsel to a court, and Progressive has cited no authority indicating that any duty of candor or other ethical consideration of the sort described in *Burns* similarly attaches to out-of-court settlement communications solely between attorneys. Indeed, as the Court has already observed, "[s]ettlement offers commonly reflect puffing and posturing…" *Jackson*, 651 F. Supp. 2d at 1281. The reasoning of *Burns* does not persuade the undersigned to give any greater weight to the Plaintiff's bare settlement demands that has already been given.[7] Accordingly, the undersigned finds that Progressive has failed to meet its burden of demonstrating § 1332(a)'s requisite minimum amount in controversy by a preponderance of the evidence.

---

[7] Progressive has also presented evidence that the insurance policy at issue has a $100,000 limit. That, however, says nothing about what the Plaintiff's damages may be for the subject incident, and therefore "how much will be put at issue during the litigation…" *S. Fla. Wellness*, 745 F.3d at 1315.

Therefore, in accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that the Court **REMAND** this case *sua sponte* to the Circuit Court of Marengo County, Alabama, for lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**DONE** this the 21st day of April 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.